MICHAEL G. JORDAN, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE CITY OF NEWARK, CITY CLERK OF THE CITY OF NEWARK, AND THE CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, RESPONDENTS.

Argued May 6, 1942—Decided June 24, 1942.

. Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Warren Dixon, Jr.*

For the respondent Civil Service Commission, *David T. Wilentz* and *Harry A. Walsh.*

For the respondent Board of Commissioners of the City of Newark and City Clerk of the City of Newark, *Raymond Schroeder* (*Thomas M. Kane,* of counsel).

The opinion of the court was delivered by

COLIE, J. Prosecutor, Michael G. Jordan, was granted a writ of *certiorari* to review a resolution of the City of Newark passed May 15th, 1940, wherein ten employees of the city, employed as clerks in the Department of Public Affairs, received an increase of salary effective as of the date of the resolution, and also to review the action of the Civil Service Commission of the State of New Jersey in approving the aforementioned resolution.

Prosecutor's argument is premised upon the theory that an increase in salary of an employee under protection of the Civil Service Act, from one salary bracket to the next higher, constitutes a promotion, which may be made only as a result

of competitive examination in the absence of facts that such examination is not practicable. *Cf. R. S.* 11:21-3 and *R. S.* 11:22-34; that the action of the city was discriminatory in that it arbitrarily selected ten of eleven clerks in the same category and promoted them, omitting the prosecutor.

Before prosecutor is in a position to argue the merits of the matter, he must account for the delay in making application for the aid of this court. The resolution under attack was passed on May 15th, 1940; writ of *certiorari* was allowed April 20th, 1942, more than one year and eleven months later. The prosecutor's course of conduct, gleaned from the record, shows that on the day following the passage of the resolution he telephoned and wrote a complaint to one of the Civil Service Commissioners; on June 11th he telegraphed Commissioner Cronin; on August 20th he spoke to Commissioner Joyce about the matter; on September 28th he wrote the City Clerk for the promotion; on October 14th, he again spoke to Commissioner Joyce; four days later he discussed the matter with an attorney who, for personal reasons, refused to handle it; on November 18th he consulted a different attorney who also declined the work; on December 2d a third lawyer was consulted but refused the employment; ten days later prosecutor wrote the Mayor of his situation and in return received an answer that the matter would be investigated and advising the prosecutor that upon receiving a report he (the Mayor) would be pleased to again communicate with prosecutor; on December 30th and again on January 20th, 1941, further letters were sent the Mayor; on January 29th prosecutor discussed the matter with counsel of the Civil Service Association. Thereafter the president of the association called upon the City Clerk. Some time subsequent to March 1st, prosecutor was advised that the Mayor was too busy to take the matter up until after the forthcoming election in May. A new Mayor was elected and on May 27th, prosecutor wrote him and was requested to call upon one of his assistants, which was done; somewhat later in July there was a discussion of the matter with one of the city attorneys, correspondence ensued through the summer and into October, when a different attorney was engaged. It was

not until January, 1942, that present counsel was brought into the matter, and shortly thereafter the city requested counsel to withhold legal action until the matter had been gone into afresh; in March, 1942, present counsel again wrote the Mayor and on April 14th, was advised that the matter had been referred to the legal department. Thereafter, the writ of *certiorari* was promptly applied for and allowed. It was not until February, 1942, twenty-one months subsequent to the resolution under attack, that the city first requested the withholding of legal action.

In *Glori* v. *Board of Police Commissioners of Newark*, 72 *N. J. L.* 131, it was held that, in the absence of a sufficient excuse, a delay of fifteen months was over long and the writ was dismissed. *Cf. Di Stefano* v. *Civil Service Commission*, 126 *Id.* 121.

In the instant case it is urged, in extenuation of the long delay, that prosecutor was lulled by the city into believing that his case was about to receive favorable action. While the unofficial statements of various persons connected with the municipality or the Civil Service Commission may have aroused such a hope, nevertheless there should have come a time when to a reasonable person, the delays indicated mere temporizing.

We find as a fact that prosecutor's delay in taking no legal steps to assert his right for upwards of one year and eleven months is an unreasonable delay.

The writ is dismissed, with costs.